UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| WILLIAM DENNIS, | |
| Plaintiff, | |
| v. | Case No. 25-cv-12893 |
| | Honorable Robert J. White |
| DONNA HAW, et al. | |
| Defendants. | |

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

William Dennis commenced this *pro se* 42 U.S.C. § 1983 action against Michigan State Police Trooper Donna Haw and 92 District Court Administrator Christine Bawol. The complaint alleges that Trooper Haw issued Dennis a citation for driving without a valid license, and that Bawol collected the fine associated with the citation, in violation of Dennis's "God given, unalienable, core, private, inherent, constitutional rights." (ECF No. 1, PageID.5). Dennis purports to be a "Duly Recorded Michigan national but not a U.S. citizen." (ECF No. 1, PageID.8, 10, 17-19). After reviewing the complaint, the Court finds that it lacks the requisite subject matter jurisdiction to entertain this litigation.

The complaint's basic premise is that Trooper Haw and Court Administrator Bawol lack the authority to enforce Michigan's statutes requiring driver's licenses and vehicle license plates because Dennis is not bound by those laws as a "Michigan national" who was "exercising his right to travel unencumbered, within living estate property, on the public road . . ." (*Id.*, PageID.5). Because these allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" the Court is without jurisdiction to entertain them. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974).

Insofar as Dennis maintains that Michigan's statutes requiring driver's licenses and vehicle license plates violate a federal constitutional right to travel his claims lack merit. *See Duncan v. Cone*, No. 00-5705, 2000 U.S. App. LEXIS 33221, at *5 (6th Cir. Dec. 7, 2000) (deciding that the alleged "violation of [plaintiffs'] right to travel is frivolous" because "[w]hile a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle."); *see also Davis-Bey v. Michigan*, No. 14-12315, 2014 U.S. Dist. LEXIS 102712, at *6-7 (E.D. Mich. Jul. 28, 2014) (dismissing claim that "Michigan's driver's license requirement violates plaintiff's constitutional right to travel" as frivolous); *Ali Ibn Aziza El v. City of Southfield*, No. 09-11569, 2010 U.S. Dist. LEXIS 26560, at *11-12 (E.D. Mich. Mar. 2, 2010) (holding that "Plaintiff does not have a constitutional right to operate a motor vehicle

2

and state licensure and registration requirements do not violate an individual's constitutional right to travel."). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Trooper Haw's motion to dismiss the complaint (ECF No. 9) is denied as moot.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: October 14, 2025                     s/ Robert J. White_____
                                            Robert J. White
                                            United States District Judge